# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOSEPH PULEO,**

**Plaintiff,**

**-vs-**                                                           **Case No.  6:08-cv-86-Orl-22DAB**

**SMG PROPERTY MANAGEMENT, INC.,**
**XENA LAUREL, LLC,**
**MICHAEL A. CARRICATRE, SR.,**

**Defendant.**
_____

# ORDER

This cause comes before the Court for consideration of Defendant, Xena Laurel, LLC's ("Xena") Motion to Dismiss Plaintiff's Amended Complaint (Doc. 22), filed May 12, 2008. Plaintiff Joseph Puleo responded (Doc. 27) on May 27, 2008.  After careful review of the motion and memoranda, the Court determines that Xena's motion is due to be **DENIED**.

Plaintiff Joseph Puleo, a former hourly-paid maintenance director for Defendants, brings this action for unpaid overtime compensation, liquidated damages, and attorney's fees under the Fair Labor Standards Act ("FLSA").  Puleo asserts the suit on behalf of all similarly-situated individuals, alleging that he and others were unlawfully denied overtime compensation due to Defendants' misclassification of their employment status as "exempt."

Defendant Xena now seeks to dismiss the complaint on the following five grounds: (1) the Court lacks subject matter jurisdiction over this case; (2) Puleo has failed to sufficiently plead his entitlement to a three-year statute of limitations; (3) the complaint fails to state a cause of action for declaratory relief; (4) the complaint fails to state a claim for overtime compensation

under the FLSA; and (5) the complaint fails to provide sufficient facts on which to sustain a

collective action.  Alternatively, Xena requests that the Court require Puleo to make a more

definite statement, as Xena claims it cannot form a proper responsive pleading based on the

current complaint.  The Court will visit each of these arguments in turn.

**A.      Subject Matter Jurisdiction**

In the complaint, Puleo states that the Court has jurisdiction over his claim under both 28

U.S.C. § 1337 and the FLSA.  Xena argues that § 1337 does not confer jurisdiction on this Court

because it "is not an action that involves commerce or anti-trust."  Doc. 22 at 2.  Xena is entirely

mistaken.  On the contrary, not only does an FLSA suit qualify as an action "arising under any

Act of Congress regulating commerce," pursuant to 29 U.S.C. § 1337, it also properly invokes

the Court's federal question jurisdiction under 28 U.S.C. § 1331.  *See Breuer v. Jim's Concrete*

*of Brevard, Inc.*, 538 U.S. 691, 694 (2003).

**B.      Statute of Limitations**

Under 29 U.S.C. § 255 (a), an FLSA action for unpaid overtime compensation must

normally be filed within two years from the date the action accrued.  In instances in which the

employer's withholding of overtime compensation was willful, however, the limitations period is

extended to three years from the date the action accrued.  Xena contends that the complaint

should be dismissed because it fails to identify any specific willful conduct entitling Puleo to an

extension of the statute of limitations.

The Court first notes that Puleo's allegation of willfulness is sufficient to satisfy federal

pleading standards.  The Federal Rules of Civil Procedure require every federal pleading to

contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

Fed. R. Civ. P. 8(a)(2). "A plaintiff need not set forth all the facts upon which the claim is based; rather, a short and plain statement of the claim is sufficient if it gives the defendant fair notice of what the claim is and the grounds upon which it rests." *Mann v. Adams Realty Co., Inc.*, 556 F.2d 288, 293 (5th Cir. 1977). Therefore, in this case, Puleo is not required to set forth every fact on which he relies in alleging that Xena willfully withheld overtime compensation. A general allegation of willfulness is sufficient.

Second, to the extent Xena appears to seek dismissal of Puleo's claims based on the applicable statute of limitations, its request must be denied. Even assuming that the general two-year limitations period applies, Puleo alleges that his overtime compensation was withheld as late as June 5, 2007, well within the two years prior to the filing of the complaint in January, 2008. Thus, in the Court's view, neither the generality with which willfulness is pled nor the applicable statute of limitations bars Puleo from pursuing his claim for unpaid overtime.

**C.     Sufficiency of Claim For Declaratory Relief**

Xena next seeks to dismiss Puleo's claim for declaratory relief. In this regard, Xena argues that it is unable to discern from the complaint the nature or circumstances of the request for declaratory judgment. In his response in opposition to the motion to dismiss, Puleo clarified that he was merely seeking a declaration from the Court that Xena violated the FLSA by its pay practices. In light of this clarification, the Court declines to dismiss Puleo's request for declaratory relief.

**D.     Sufficiency of Claim for Overtime Compensation**

Next, Xena contends that Puleo's complaint fails to state a claim for unpaid overtime under the FLSA. In deciding a motion to dismiss, the court must accept as true all the factual

-3-

allegations in the complaint, drawing all inferences derived from those facts in the light most favorable to the plaintiff. *Brown v. Crawford County*, 960 F. 2d 1002, 1010 (11th Cir. 1992). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) *overruled on other grounds by Davis v. Sherer*, 468 U.S. 183 (1984); *Little v. N. Miami*, 805 F. 2d 962, 965 (11th Cir. 1986).  A plaintiff must supply more than just any conceivable set of facts tending to support a claim, but "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

In this case, Puleo alleges that he was an hourly-paid employee of Defendants and engaged in interstate commerce during the course of his employment.  Puleo additionally alleges that the three defendants in this suit are an enterprise covered by the FLSA and that the enterprise unlawfully withheld overtime compensation from Puleo and other similarly-situated employees.

In the motion to dismiss, Xena first argues that Puleo does not qualify as an employee under the FLSA.  Second, Xena maintains that it is not an enterprise covered by the FLSA.  In making such arguments, however, Xena urges the Court to go beyond the face of the complaint and resolve factual disputes regarding the elements of Puleo's claim.  Such a request is premature, as these types of disputes are more properly considered on a motion for summary judgment.  At this stage of the proceeding, the Court need only decide whether Puleo has set forth a plausible claim for overtime compensation.  The Court determines that he has.

**E.**     **Sufficiency of Collective Action Allegations**

Finally, Xena attacks the complaint for failure to provide specific facts in support of his allegation that other similarly-situated employees were also denied overtime compensation by Xena. Xena's attack is untimely. Puleo has not yet asked the Court to conditionally certify a collective action in this case nor has he requested supervised notice to other similarly-situated individuals. Until such time, a mere allegation that other similarly-situated employees were denied overtime compensation by Xena is enough to put Xena on fair notice that Puleo may seek conditional certification of a collective action in this case.

**F.       Motion for More Definite Statement**

As an alternative to its motion to dismiss, Xena requests that Puleo be required to make a more definite statement because the complaint is "inarticulately drafted and incomplete," does not identify which of the three defendants was Puleo's employer, and does not specifically identify the other employees Puleo claims to be similarly situated. The Federal Rules of Civil Procedure allow a party to move for a more definite statement before responding to a pleading where the pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Motions for a more definite statement are generally disfavored in the federal system in light of the liberal pleading and discovery requirements of the Federal Rules of Civil Procedure. *BB In Tech. Co., Ltd. v. JAF, LLC*, 242 F.R.D. 632, 640 (S.D. Fla. 2007); *Scarfato v. Nat'l Cash Register Corp.*, 830 F. Supp. 1441, 1443 (M.D. Fla. 1993). In this instance, no more definite statement is required. The complaint clearly conveys Puleo's belief that all three defendants acted as his employer for purposes of the FLSA. The additional information sought by Xena regarding the identities of other similarly-situated employees can be obtained through appropriate discovery procedures.

Based on the foregoing, it is **ORDERED** that the Motion to Dismiss Plaintiff's Amended Complaint (Doc. 22) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on August 20, 2008.

Copies furnished to:

Counsel of Record
Unrepresented Party

ANNE C. CONWAY
United States District Judge